IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Adams,                          :
                    Petitioner       :
                                     :
          v.                         :
                                     :
Pennsylvania State Police,           :    No. 572 M.D. 2018
                    Respondent       :    Submitted: March 26, 2021


BEFORE:    HONORABLE P. KEVIN BROBSON, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge


OPINION
BY JUDGE FIZZANO CANNON              FILED: June 14, 2021


          Before the Court in our original jurisdiction is an application for summary relief[1] filed by Respondent, Pennsylvania State Police (PSP), regarding a petition for review (Petition) filed by Troy Adams (Adams). Adams seeks a declaration that he is not required to register as a sex offender under the Sex Offender Registration and Notification Act, *formerly* 42 Pa. C.S. §§ 9799.10-9799.41 (SORNA I). Upon review, we grant PSP's application for summary relief.

---

[1] Pennsylvania Rule of Appellate Procedure 1532(b) permits filing of an application for summary relief at any time after a petition for review has been filed in an original jurisdiction matter. Pa.R.A.P. 1532(b). Like summary judgment, summary relief is appropriate when, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Haveman v. Bureau of Pro. & Occupational Affs., State Bd. of Cosmetology*, 238 A.3d 567, 570-71 (Pa. Cmwlth. 2020). "An application for summary relief is appropriate where a party asserts a challenge to the constitutionality of a statute and no material facts are in dispute." *Phantom Fireworks Showrooms, LLC v. Wolf*, 198 A.3d 1205, 1220 (Pa. Cmwlth. 2018).

## I. Background

In February 1997, Adams was arrested and charged with various sex offenses.  Pet., ¶ 4.  In January 1998, he was convicted of aggravated indecent assault.  *Id.*, ¶ 5.  At the time Adams filed the Petition in 2018, he was incarcerated in the Pennsylvania State Correctional Institution at Coal Township.  *Id.*, ¶ 2.  Apparently, he has since been released, but the record before us does not indicate his release date.

In this action, Adams asserts he is not required to register with PSP as a sex offender under SORNA I.  Citing our Supreme Court's decision in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017), he contends that applying SORNA I's provisions retroactively to him is unconstitutional.[2]  Pet., ¶ 8.

## II. Discussion

Beginning in 1995 with the enactment of former 42 Pa. C.S. §§ 9791-9799.6 (Megan's Law I), the Pennsylvania legislature enacted a series of statutes requiring persons convicted of certain sex offenses to register their personal information, including current address information, with PSP.  Subsequent versions of Megan's Law were former 42 Pa. C.S. §§ 9791-9799.7 (Megan's Law II), enacted in 2000, and former 42 Pa. C.S. §§ 9791-9799.9 (Megan's Law III), enacted in 2004.  SORNA I was enacted in 2012.  In the wake of the *Muniz* decision, SORNA I was amended in 2018 in two pieces of legislation known as Act 10 and Act 29;[3] the current law is 42 Pa. C.S. §§ 9799.10-9799.75 (SORNA II).

---

[2] Constitutional prohibitions on *ex post facto* laws are found in both the United States and Pennsylvania Constitutions.  *See* U.S. CONST. art I, § 9, cl. 3; PA. CONST. art. I, § 17.

[3] Act of February 21, 2018, P.L. 27 (Act 10); Act of June 12, 2018, P.L. 140 (Act 29).

Megan's Law I was in effect when Adams was arrested, charged, and convicted of aggravated indecent assault.[4]  Adams concedes that he was subject to Megan's Law I, but he contends that he was subject only to a 10-year registration requirement under Megan's Law I.[5]  Pet., ¶ 6.  However, PSP correctly asserts that Adams became subject to a lifetime registration requirement in 2000 pursuant to a reclassification of his offense under Section 9795.1(b)(2) of Megan's Law II.  Appl. for Summ. Relief, ¶¶ 4-5; Br. of PSP at 2; *see* former 42 Pa. C.S. § 9795.1(b)(2) (listing aggravated indecent assault, 18 Pa. C.S. § 3125, among offenses requiring lifetime sex offender registration).

Adams does not challenge the constitutionality of Megan's Law II. Moreover, Megan's Law II withstood a constitutional *ex post facto* challenge in *Commonwealth v. Williams*, 832 A.2d 962 (Pa. 2003).  Therefore, Adams's lifetime registration requirement under Megan's Law II was constitutional.  That lifetime registration requirement was continued under Megan's Law III, *see* former 42 Pa. C.S. § 9795.1(b)(2) (same provision as in Megan's Law II); SORNA I, *see* former 42 Pa. C.S. § 9799.14(d)(7) (aggravated indecent assault, 18 Pa. C.S. § 3125, subject to

---

[4] It is the date on which a person commits an offense, not the date of arrest or the date of conviction, that determines the applicable law.  *See Bill v. Noonan* (Pa. Cmwlth., No. 437 M.D. 2017, filed May 16, 2019), slip op. at 2 n.4, 2019 Pa. Commw. Unpub. LEXIS 288, at *2 n.4 (unreported) (citing *Groulx v. Pa. State Police* (Pa. Cmwlth., No. 121 M.D. 2018, filed Jan. 24, 2019), slip op. at 10, 2019 Pa. Commw. Unpub. LEXIS 57, at *11-12 (unreported)); *see generally Commonwealth v. Allshouse*, 36 A.3d 163 (Pa. 2012).  We cite unreported decisions of this Court as persuasive authority pursuant to our Internal Operating Procedures, 210 Pa. Code § 69.414(a).

Here, the record does not indicate the date on which Adams committed the crime that made him subject to the registration requirement of Megan's Law I.  However, the Petition concedes that former 42 Pa. C.S. §§ 9791-9799.6 (Megan's Law I) was applicable to him.  *See* Pet., ¶ 6. Therefore, we need not pinpoint the date of his crime.

[5] It is unclear whether Adams is asserting that he is subject to a 10-year registration requirement or that he is no longer subject to any registration requirement.  However, our analysis is the same in either event.

lifetime registration requirement); and SORNA II, *see* 42 Pa. C.S. § 9799.14(d)(7) (same provision as in SORNA I).

In general, a law violates *ex post facto* prohibitions if it inflicts a greater criminal punishment than the law that was in effect when the crime was committed. *Commonwealth v. Allshouse*, 36 A.3d 163, 184 (Pa. 2012); *see also Commonwealth v. Rose*, 127 A.3d 794, 807 (Pa. 2015) ("imposition of a more severe sentence based on a statute that was amended after the act was committed . . . violates the *ex post facto* prohibition"). In *Muniz*, our Supreme Court held that Section 9799.14 of SORNA I, *formerly* 42 Pa. C.S. § 9799.14, was punitive, and therefore unconstitutional, to the extent that it retroactively increased registration requirements for certain sex offenses. *Muniz*, 164 A.3d at 1195.

Here, based on *Muniz*, Adams challenges the lifetime registration requirement of SORNA I as an improper *ex post facto* law, as applied to him. Pet., ¶¶ 7-10. We discern no merit in his argument.

SORNA I continued, but did not increase, the lifetime registration requirement that applied under Megan's Law II and III for persons convicted of committing aggravated indecent assault. *See* former 42 Pa. C.S. § 9799.14(d)(7). This Court has repeatedly held that SORNA I was *not* an unconstitutional *ex post facto* law to the extent that it merely continued the registration requirements that applied under prior law. *See, e.g.*, *Bill v. Noonan* (Pa. Cmwlth., No. 437 M.D. 2017, filed May 16, 2019), slip op. at 11-12, 2019 Pa. Commw. Unpub. LEXIS 288, at *13-14 (unreported) (citing *Groulx v. Pa. State Police* (Pa. Cmwlth., No. 121 M.D. 2018, filed Jan. 24, 2019), slip op. at 13, 2019 Pa. Commw. Unpub. LEXIS 57, at *14 (unreported)). Our Supreme Court's decision in *Muniz* was not to the contrary

4

and, therefore, did not affect our holdings in cases such as *Bill* and *Groulx*. Thus, we conclude that SORNA I was not unconstitutional as applied to Adams.

The enactment of SORNA II does not affect our analysis. SORNA II did not amend Section 9799.14(d)(7) of SORNA I. Accordingly, that provision remains constitutionally sound.[6] Under SORNA II, aggravated indecent assault, 18 Pa. C.S. § 3125, remains subject to a lifetime registration requirement. 42 Pa. C.S. § 9799.14(d)(7). Because the registration requirement applicable to Adams's crime, aggravated indecent assault, is the same under SORNA II as under Megan's Law II and every intervening version of the law, there has been no *ex post facto* amendment of the registration requirement that is at issue in this case. Accordingly, we conclude that Adams's claim also fails under SORNA II.

### III. Conclusion

Based on the foregoing discussion, we conclude that PSP is entitled to summary relief. Accordingly, we grant PSP's Application.

_____
CHRISTINE FIZZANO CANNON, Judge

---

[6] Moreover, we note that Subchapter I of SORNA II, 42 Pa. C.S. §§ 9799.51-9799.75, relating to reporting requirements applicable to sex offender registrants, recently withstood an *ex post facto* challenge in *Commonwealth v. Lacombe*, 234 A.3d 602 (Pa. 2020).

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Troy Adams,                          :
                Petitioner        :
                                    :
         v.                        :
                                      :
Pennsylvania State Police,           :    No. 572 M.D. 2018
                Respondent         :

## O R D E R

AND NOW, this 14th day of June, 2021, the Application for Summary Relief filed by Respondent, Pennsylvania State Police, is GRANTED.


_____
CHRISTINE FIZZANO CANNON, Judge